**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| DEXTER BERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:08-CV-430 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the court on the Motion to Dismiss Petition as Moot, filed by the Respondent on December 3, 2009 (DE #14). For the reasons set forth below, the Motion to Dismiss (DE #14) is **GRANTED** and the habeas corpus petition (DE #1) is **DISMISSED AS MOOT**.

BACKGROUND

On September 17, 2008, Dexter Berry filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his loss of 180 days earned credit time. On April 4, 2008, in case number WVS 08-03-0011, a Disciplinary Hearing Body ("DHB") at Wabash Valley Correctional Facility found Berry guilty of attempted escape in violation of A111/113. In his petition, Berry argues that he was improperly denied the opportunity to present exculpatory evidence at his disciplinary hearing and that the DHB failed to review surveillance video as he requested. (DE #1.)

In the instant motion to dismiss the petition, the Respondent asserts that after the petition was filed, the final reviewing

authority reconsidered the case, and has vacated the conviction and remanded for a new hearing before a different DHB. (DE #15.) Accordingly, the Respondent argues that the petition is now moot. (*Id.*)

Berry opposes the motion, arguing that it would be "unjust" to allow the respondent to preclude him from obtaining review by this Court. (DE #16.)

DISCUSSION

Berry has already obtained the same relief he would obtain if this Court reviewed his claims and found them meritorious. *See Piggie v. Cotton*, 277 F.3d 922 (7th Cir. 2002) (stating when inmate is denied proper request for exculpatory evidence, habeas relief must be granted unless error is harmless); *see also Henard v. Superintendent*, No. 3:08-CV-494, 2009 WL 1298412 (N.D. Ind. May 07, 2009) (ordering respondent to provide new hearing or reinstate earned time credit where prisoner was improperly denied exculpatory evidence at disciplinary hearing).

Because Berry's disciplinary sanction has been vacated and the matter remanded for a new hearing, there is presently no punishment lengthening the duration of confinement for this Court to review. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (finding prisoner can challenge disciplinary determination in habeas proceeding only when he has received punishment that lengthens the duration of confinement). In other words, there is no longer a live controversy, and this case must be dismissed as moot. *See*

*Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated."). If Berry is dissatisfied with the outcome of the new disciplinary hearing, he can pursue his administrative remedies and, if necessary, seek relief in a new habeas petition.

CONCLUSION

For the reasons set forth above, the Motion to Dismiss (DE #14) is **GRANTED** and the habeas corpus petition (DE #1) is **DISMISSED AS MOOT**.

**DATED: January 5, 2010**                  **/s/ RUDY LOZANO, Judge**
                                                       **United States District Court**